1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **EASTERN DISTRICT OF CALIFORNIA**

10

11 JAMES L. LIGHT, JR.,                                ) Case No.:1:13-cv-00923-SAB (HC)
                                                       )
12              Petitioner,                            ) ORDER DISMISSING PETITION FOR WRIT OF
                                                       ) HABEAS CORPUS, DIRECTING CLERK OF
13       v.                                            ) COURT TO TERMINATE ACTION, AND
                                                       ) DECLINING TO ISSUE A CERTIFICATE OF
14 PAUL COPENHAVER,                                    ) APPEALABILITY
                                                       )
15              Respondent.                            ) (ECF No. 1)
                                                       )
16 _____            )

17         Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. §

18 2241.  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United

19 States magistrate judge.  Local Rule 305(b).

20         Petitioner filed the instant petition for writ of habeas corpus on June 18, 2013.  At the time the

21 petition was filed, Petitioner was incarcerated at the United States Penitentiary in Atwater, California

22 following a conviction for distribution of cocaine base in the United States District Court for the

23 Middle District of Florida.  (Pet. at 2.)

24                                                **I.**

25                                          **DISCUSSION**

26         The Rules Governing Section 2254 cases may be applied to other habeas petitions including

27 petitions for from federal prisoners presenting claims under Section 2241.  See Rule 1(a) of the Rules

28

                                                 1

1  Governing Section 2254 cases.  Rule 4 of the Rules Governing Section 2254 cases states in pertinent

2  part:

3      If it plainly appears from the face of the petition and any attached exhibits that the
       petitioner is not entitled to relief in the district court, the judge must dismiss the petition
4      and direct the clerk to notify the petitioner.

5      The advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ

6  of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

7
   dismiss, or after an answer to the petition has been filed.

8
       A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or

9
   sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. §

10
   2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940

11
   (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3d 1997); Broussard v. Lippman, 643 F.2d 1131,

12
   1134 (5th Cir.1981).  In such cases, only the sentencing court has jurisdiction.  Tripati, 843 F.2d at

13
   1163.  A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for

14
   writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Grady v. United States, 929 F.2d 468, 470 (9th

15
   Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th

16
   Cir.1980).

17
       In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's

18
   execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  Capaldi v.

19
   Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir.

20
   1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2d Cir. 1991); United States v. Jalili, 925

21
   F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1991); United

22
   States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677

23
   (9th Cir. 1990).

24
       A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 if he

25
   can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his

26
   detention." Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United States v. Pirro, 104

27
   F.3d 297, 299 (9th Cir.1997) (quoting § 2255).  The Ninth Circuit has recognized that it is a very

28

2

1    narrow exception.  Id.; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003) (a petitioner must show actual

2    innocence and that he never had the opportunity to raise it by motion to demonstrate that § 2255 is

3    inadequate or ineffective); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir.1999) (per curium) (holding

4    that the AEDPA's filing limitations on § 2255 Motions does not render § 2255 inadequate or

5    ineffective); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is

6    insufficient to render § 2255 inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000)

7    (same); Tripati v. Henman, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears bias or unequal

8    treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th

9    Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir. 1956); United States v. Valdez-Pacheco, 237

10   F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking

11   the All Writs Act, 28 U.S.C. § 1651).  The burden is on the petitioner to show that the remedy is

12   inadequate or ineffective.  Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

13        Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism

14   and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition.  Lindh v.

15   Murphy, 521 U.S. 320, 327 (1997). A federal court must dismiss a second or successive petition that

16   raises the same grounds as a prior petition.  28 U.S.C. § 2244(b)(1).  The court must also dismiss a

17   second or successive petition raising a new ground unless the petitioner can show that 1) the claim

18   rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously

19   discoverable through due diligence, and these new facts establish by clear and convincing evidence

20   that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of

21   the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B).  However, it is not the district court that

22   decides whether a second or successive petition meets these requirements, which allow a petitioner to

23   file a second or successive petition.

24        Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this

25   section is filed in the district court, the applicant shall move in the appropriate court of appeals for an

26   order authorizing the district court to consider the application." In other words, Petitioner must obtain

27   leave from the Ninth Circuit before he can file a second or successive petition in district court.  See

28   Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must dismiss any second or successive

1    petition unless the Court of Appeals has given Petitioner leave to file the petition because a district

2    court lacks subject-matter jurisdiction over a second or successive petition.  See United States v.

3    Allen, 157 F.3d 661, 664 (9th Cir. 1998) (failure to request the requisite authorization to file a second

4    or successive § 2255 motion deprives the district court of jurisdiction).

5         In the instant petition, Petitioner contends authorities issued a fraudulent and illegal arrest

6    warrant in his underlying criminal case.  Petitioner's challenge relates to the validity of the charging

7    instruments used to bring him to trial, a matter which could and should have been raised in his

8    criminal trial, direct appeal, or by way of a motion to vacate or set aside the sentence.  Therefore,

9    Petitioner may not proceed with this challenge by way of Section 2241.

10        Moreover, Petitioner makes no showing that he qualifies under the savings clause of Section

11   2255 because Petitioner's claims are not proper claims of "actual innocence."  In the Ninth Circuit, a

12   claim of actual innocence for purposes of the Section 2255 savings clause is tested by the standard

13   articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614 (1998).

14   Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006).  In Bousley, the Supreme Court explained

15   that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is

16   more likely than not that no reasonable juror would have convicted him."  Bousley, 523 U.S. at 623

17   (internal quotation marks omitted).  Petitioner bears the burden of proof on this issue by a

18   preponderance of the evidence, and he must show not just that the evidence against him was weak, but

19   that it was so weak that "no reasonable juror" would have convicted him.  Lorensten v. Hood, 223

20   F.3d at 954.

21        Rule 11(a) of the Rules Governing Section 2254 cases requires the district court to issue or

22   deny a certificate of appealability when it enters a final order adverse to the petitioner.  The

23   requirement that a petitioner seek a certificate of appealability is a gate-keeping mechanism that

24   protects the Court of Appeals from having to devote resources to frivolous issues, while at the same

25   time affording petitioners an opportunity to persuade the Court that, through full briefing and

26   argument, the potential merit of claims may appear.  Lambright v. Stewart, 220 F.3d 1022, 1025 (9th

27   Cir. 2000).  However, a state prisoner seeking a writ of habeas corpus has no absolute entitlement to

28   appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.

1    Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003).  The controlling statute, 28 U.S.C. § 2253,

2    provides as follows:

3       (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district
        judge, the final order shall be subject to review, on appeal, by the court of appeals for
4       the circuit in which the proceeding is held.

5
        (b) There shall be no right of appeal from a final order in a proceeding to test the
6       validity of a warrant to remove to another district or place for commitment or trial a
        person charged with a criminal offense against the United States, or to test the validity
7       of such person's detention pending removal proceedings.

8       (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal
        may not be taken to the court of appeals from--
9

10          (A) the final order in a habeas corpus proceeding in which the detention
            complained of arises out of process issued by a State court;  or
11

12          (B) the final order in a proceeding under section 2255.

13      (2) A certificate of appealability may issue under paragraph (1) only if the applicant has
        made a substantial showing of the denial of a constitutional right.
14

15      (3) The certificate of appealability under paragraph (1) shall indicate which specific
        issue or issues satisfy the showing required by paragraph (2).

16

17       This Court will issue a certificate of appealability when a petitioner makes a substantial

18   showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make a substantial

19   showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that

20   matter, agree that) the petition should have been resolved in a different manner or that the issues

21   presented were 'adequate to deserve encouragement to proceed further'."  Slack v. McDaniel, 529

22   U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

23       In the present case, the Court finds that Petitioner has not made the required substantial

24   showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.

25   Reasonable jurists would not find it debatable that Petitioner has failed to show an entitlement to

26   federal habeas corpus relief.  Accordingly, the Court declines to issue a certificate of appealability.

27   ///

28   ///

5

**II.**

**ORDER**

Based on the foregoing, it is HEREBY ORDERED that:

1.      The instant petition for writ of habeas corpus is DISMISSED;

2.      The Clerk of Court be directed to terminate this action; and

3.      The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.


Dated:    **June 27, 2013**                    _____
                                                                    UNITED STATES MAGISTRATE JUDGE

6